IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 2, 2002 Session

**SUSAN R. GODFREY, ET AL. v. JESUS RUIZ, ET AL.**

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 97C-503     Barbara N. Haynes, Judge**

---

**No. M2000-00101-SC-R11-CV - Filed December 5, 2002**

---

This case arises out of an action by the plaintiffs to recover damages for personal injuries sustained in an automobile accident. The plaintiffs claim their injuries were caused by the negligent operation of a van owned by the defendants and driven by a cousin of one of the defendants. In support of their motion for summary judgment, the defendants offered affidavits and deposition testimony stating that the driver was operating the van without their permission and that the driver was not their employee. Despite the prima facie evidence of an owner-driver agency relationship created by Tennessee Code Annotated section 55-10-311(a) (1998), the trial court granted the motion for summary judgment. The Court of Appeals affirmed the trial court's ruling. We hold that an owner's offer of testimony negating the issue of agency, standing alone, cannot overcome the prima facie evidence created by Tennessee Code Annotated section 55-10-311(a).

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed;**
**Case Remanded**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ, joined.

Catherine S. Hughes and Joseph M. Dalton, Jr., Nashville, Tennessee, for the Appellants, Susan R. Godfrey and Rickey E. Godfrey.

Clifton B. Sobel, Jr., Nashville, Tennessee, for the Appellees, Jesus Ruiz and Shawanda Ruiz.

**OPINION**

I. Factual and Procedural Background

This case arises from an automobile accident that occurred on August 4, 1996. The plaintiffs, Rickey and Susan Godfrey, allege that a Chevrolet van owned by the defendants, Jesus and

Shawanda Ruiz, and driven by Ricardo Corpus, a cousin of Mr. Ruiz, ran a red light and collided with the Godfreys' vehicle. The Godfreys filed a complaint in the Circuit Court for Davidson County seeking damages for the personal injuries they sustained in the collision. The Godfreys' suit was filed against Mr. and Mrs. Ruiz as well as Mr. Corpus. The Godfreys alleged that the negligence of Mr. Corpus should be imputed to Mr. and Mrs. Ruiz under the owner-driver agency relationship created by Tennessee Code Annotated section 55-10-311(a). Service was obtained on Mr. and Mrs. Ruiz. Mr. Corpus, however, could not be located. Although Mr. Corpus had been living with Mr. and Mrs. Ruiz for approximately one and one-half months prior to the accident, he disappeared immediately after the accident.[1] Mr. and Mrs. Ruiz maintain that they have neither seen nor heard from Mr. Corpus since the accident.

Mr. and Mrs. Ruiz moved for summary judgment. According to their testimony, Mr. Corpus did not have permission to drive their van at the time of the accident or at any other time. Mr. and Mrs. Ruiz assert that they were shopping at the time of the accident. Until they learned of the accident, they had no knowledge that Mr. Corpus had taken the keys to the van, which were kept in a drawer in their bedroom. Mr. Ruiz also testified that he is an independent contractor who hangs drywall for a living. The van that Mr. Corpus was driving was used in connection with Mr. Ruiz's construction work. Mr. Ruiz admitted that Mr. Corpus worked with him in the days before the accident and that he paid Mr. Corpus for that work. He denied, however, that Mr. Corpus was his employee. Instead, Mr. Ruiz testified that both he and Mr. Corpus were employees of Quality Drywall in Dickson, Tennessee.

The trial court granted summary judgment in favor of Mr. and Mrs. Ruiz and denied an interlocutory appeal. The Godfreys later voluntarily dismissed the cause of action against Mr. Corpus. The Court of Appeals affirmed the trial court's grant of summary judgment.

We hold that an owner's offer of testimony negating the issue of agency, standing alone, cannot overcome the prima facie evidence of an owner-driver agency relationship created by Tennessee Code Annotated section 55-10-311(a). Thus, the grant of summary judgment in this case was improper.

## II. Standard of Review

The standard of review for a trial court's grant of summary judgment is de novo with no presumption of correctness. See Guy v. Mut. of Omaha Ins. Co., 79 S.W.3d 528, 534 (Tenn. 2002); Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; Byrd v. Hall, 847 S.W.2d 208,

---

[1] Mrs. Ruiz testified in her deposition that she had heard from a relative that Mr. Corpus had been living in Dallas.

211 (Tenn. 1993).  The party seeking summary judgment has the burden of persuading the court that its motion satisfies these requirements.  See Byrd, 847 S.W.2d at 211; Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991).  When considering a summary judgment motion, courts must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor.  See Guy, 79 S.W.3d at 534; Byrd, 847 S.W.2d at 215.  Summary judgment should therefore be granted only when the facts and conclusions to be drawn from the facts permit a reasonable person to reach but one conclusion.  See Guy, 79 S.W.3d at 534; Carvell, 900 S.W.2d at 26.

## III. Analysis

This case turns on the application of Tennessee Code Annotated section 55-10-311(a) (1998), which provides in pertinent part:

> In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile . . . within this state, proof of ownership of such vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment.

(Emphasis added).  The plaintiffs rely exclusively on this statute to establish that the van that struck their vehicle was operated with the defendants' knowledge and consent and that it was operated for the defendants' use and benefit and within the course and scope of the driver's employment.  The defendants argue that their undisputed testimony establishes that there was no agency relationship.  That testimony, they assert, is sufficient to overcome the prima facie evidence of agency that the statute creates.

In Hamrick v. Spring City Motor Co., this Court observed that Tennessee Code Annotated section 55-10-311 does not contain the word "presumption," although prior versions of the statute did.  708 S.W.2d 383, 387 (Tenn. 1986).  We concluded that as a consequence of this legislative change "a serious question is presented as to whether or not [a] prima facie case can be overcome pre-trial by motion for summary judgment."  Id.  In Warren v. Estate of Kirk, this Court's most recent case construing Tennessee Code Annotated section 55-10-311(a), we reiterated that "[s]ummary judgment is not ordinarily the proper procedure for determining whether a prima facie case has or has not been overcome by countervailing evidence." 954 S.W.2d 722, 724 (Tenn. 1997) (quoting Hamrick, 708 S.W.2d at 388).  In both Hamrick and Warren, we reversed the grant of summary judgment in favor of the defendant.  In this case, too, summary judgment is unwarranted.

Tennessee Code Annotated section 55-10-311 is clearly intended to eliminate the difficulty encountered by injured parties who are trying to prove that the driver was operating with the owner's permission at the time of the accident. See Racy Cream Co. v. Walden, 1 Tenn. App. 653, 668 (1925) (holding that an earlier version of the statute, enacted by Chapter 162 of the Public Acts of 1921, was intended to ease the difficulty of proving an agency relationship between a vehicle's driver and its owner). We decline to permit parties to overcome the statutorily created prima facie evidence of an owner-driver agency relationship by simply asserting that no consent was ever given. Such a construction would defeat the legislative intent that Tennessee Code Annotated section 55-10-311 be liberally construed.

The plaintiffs in this case are entitled to rely solely on the owner-driver agency relationship created by Tennessee Code Annotated section 55-10-311(a) to overcome the defendants' motion for summary judgment. Although the defendants offer uncontroverted testimony in support of their motion for summary judgment, their status as interested witnesses places their credibility in question. The defendants' uncorroborated testimony that Mr. Corpus was not a permissive user simply fails to rebut the prima facie evidence established by statute. Therefore, their motion for summary judgment was improperly granted.

There may be rare cases involving the application of Tennessee Code Annotated section 55-10-311 in which summary judgment is appropriate. As we noted in Hamrick, "[t]here may be some instances where summary disposition could be warranted." 708 S.W.2d at 389. Thus, we do not hold that proof of ownership is always sufficient to overcome summary judgment, regardless of the facts presented by the defendants. Moreover, as we explained in Warren,

> [t]he overruling of a motion for summary judgment does not necessarily mean that the case will go to a jury at a trial, because the evidence adduced at trial may be significantly different from that contained in affidavits or depositions heard pre-trial on summary judgment proceedings. All that the overruling of a motion for summary judgment indicates is that the case should proceed further.

954 S.W.2d at 724. We preserve the possibility that courts may grant summary judgment or a directed verdict on behalf of a vehicle's owner in a negligence case if the owner has provided evidence other than his own testimony that the driver was not acting as the owner's agent when the accident occurred.

IV. Conclusion

We hold that an owner's testimony negating the issue of agency, standing alone, cannot overcome the statutorily created prima facie evidence of an owner-driver agency relationship created by Tennessee Code Annotated section 55-10-311(a). Therefore, the lower courts erred in granting the defendants' motion for summary judgment. The judgments of the trial court and Court of

Appeals are reversed, and the case is remanded to the trial court for further proceedings. Costs of this appeal are taxed to the defendants, Jesus Ruiz and Shawanda Ruiz, for which execution may issue if necessary.

 

_____

JANICE M. HOLDER, JUSTICE