IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 10, 2004 Session

## HCA, INC. v. AMERICAN PROTECTION INS. CO., ET AL.

**Chancery Court for Davidson County**
**No. 01-1773-III Ellen Hobbs Lyle, Chancellor**

―――――――――――

**No. M2003-02065-COA-R3-CV -Filed January 24, 2005**

―――――――――――

WILLIAM C. KOCH, JR., P.J., M.S., concurring.

I concur with the outcome of the Court's opinion. However, I am writing separately to focus on HCA. Inc.'s burden of production in response to the insurers' motion for summary judgment and on the effect of our construction of the "inventory exclusion" clauses in HCA's all risk insurance contracts on this burden of production.

The pertinent language of the "inventory exclusion" clauses involved in this case provides that the policies do not insure against "any unexplained loss, mysterious disappearance, or loss or shortage disclosed on taking inventory, except this exclusion does not prohibit proving the amount of any loss otherwise provable by inventory." We have adopted the interpretation of this exclusion found in *Betty v. Liverpool & London & Globe Ins. Co.*, 310 F.2d 308 (4th Cir. 1962). Accordingly, this exclusion would bar HCA's claim only if HCA discovered the loss of hospital linens as a result of its September 1998 inventory and not by any other means.

With regard to the "inventory exclusion" clause, the insurers' summary judgment motions challenged HCA's ability to prove an essential element of its case. Specifically, they challenged HCA's ability to prove at trial that it discovered the loss of hospital linens prior to conducting the September 1998 inventory. In other words, the insurers are asserting that HCA's evidence is insufficient to establish that the September 1998 inventory was not the means by which it discovered its loss.

Accordingly, the burden of production shifted to HCA to call evidence to the court's attention to dispute that contention. 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2727, at 472 (3d ed. 1998) ("FEDERAL PRACTICE AND PROCEDURE"). This burden is not a heavy one. HCA is simply required to show specific facts, as opposed to general allegations, that point to a genuine issue requiring a trial. *Byrd v. Hall*, 847 S.W.2d 208, 213 (Tenn. 1993)

(holding that the "burden shifts to the non-moving party to set forth specific facts . . . establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary"); FEDERAL PRACTICE AND PROCEDURE § 2727, at 490.

The specific evidence that HCA relied upon to defeat the motions for summary judgment was chiefly the testimony of Frederick Keller, Jr. and correspondence from Mr. Keller and Alex Mendez in late 1997 and early 1998. This evidence does not conclusively establish how or when HCA learned of the loss of hospital linens that formed the basis of its insurance claim; however, the non-moving party is not required to present evidence that conclusively decides a factual dispute. *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 1592 (1968). When a case is in this procedural posture, the court must simply determine whether a jury could reasonably find either that the plaintiff proved its case by the quantity and quality of evidence required by the governing law or that it did not. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-55, 106 S. Ct. 2505, 2513 (1986).

I concur with the Court's conclusion that the discrepancies between Mr. Keller's depositions and statements under oath are not severe enough to warrant the invocation of the cancellation rule. Accordingly, we must view Mr. Keller's testimony, and all of HCA's evidence for that matter, in the light most favorable to HCA, and we must resolve all inferences in HCA's favor. *See Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001). Mr. Keller's testimony may be a slender reed. However, when HCA's evidence is viewed in this light, no conclusion can be drawn other than that the insurers have failed to demonstrate that they are entitled to a judgment as a matter of law at this stage of the proceeding.

_____
WILLIAM C. KOCH, JR., P.J., M.S.