# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 14, 2008 Session

## AMANDA LYNN DEWALD, ET AL. v. HCA HEALTH SERVICES OF TENNESSEE, ET AL.

**Appeal by permission from the Court of Appeals, Middle Section**
**Circuit Court for Rutherford County**
**No. 51307      Robert E. Corlew, III, Chancellor**

---

**No. M2006-02369-SC-R11-CV - Filed May 6, 2008**

---

In this medical malpractice appeal, the trial court denied the hospital's motion for summary judgment finding that a factual dispute exists as to whether the hospital may be held vicariously liable for the alleged negligence of an independent contractor radiologist based on a theory of apparent agency. The Court of Appeals reversed the trial court and granted summary judgment to the hospital on all grounds. We granted permission to appeal and consolidated this case for argument with Boren v. Weeks, No. M2007-00628-SC-R11-CV, — S.W.3d — (Tenn. May 6, 2008). In Boren, in an opinion filed contemporaneously herewith, we adopted the analysis derived from the Restatement (Second) of Torts § 429 for determining when a hospital may be held vicariously liable for the negligence of independent contractor physicians. Therefore, we reverse the Court of Appeals' grant of summary judgment and remand to the trial court for further proceedings and for reconsideration of the hospital's motion for summary judgment consistent with the analysis and new standard adopted in Boren.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals is Reversed and Remanded**

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which JANICE M. HOLDER, CORNELIA A. CLARK, and GARY R. WADE, JJ., joined. WILLIAM C. KOCH, Jr., J., not participating.

Wm. Kennerly Burger and Rodney M. Scott, Murfreesboro, Tennessee, for the appellants, Amanda Lynn Dewald and Thomas B. Dewald.

Bryan Essary and Christopher A. Vrettos, Nashville, Tennessee, for the appellee, HCA Health Services of Tennessee, Inc., d/b/a/ StoneCrest Medical Center.

## OPINION

The plaintiffs, Amanda Lynn Dewald ("Ms. Dewald") and her husband Thomas Dewald ("Mr. Dewald"), filed suit in the Rutherford County Circuit Court on January 25, 2005, against StoneCrest Medical Center[1] ("StoneCrest") and Dr. Adrian Lamballe ("Dr. Lamballe"). The complaint alleged that StoneCrest and Dr. Lamballe, a radiologist with staff privileges at StoneCrest, deviated from the prevailing standard of medical care in the community in their treatment of Ms. Dewald.

On July 10, 2006, StoneCrest filed a motion for summary judgment, alleging that it was neither negligent nor vicariously liable for the alleged negligence of Dr. Lamballe. The plaintiffs opposed the motion, contending that summary judgment was inappropriate because factual disputes existed concerning whether an apparent agency relationship existed between Dr. Lamballe and StoneCrest and whether StoneCrest adequately disclosed the nature of its relationship with Dr. Lamballe to defeat the plaintiffs' assertion of apparent agency.

The record indicates that Ms. Dewald went to the StoneCrest emergency room on January 25, 2004, complaining of lower abdominal pain and nausea. At the time of admission, Mr. Dewald signed on his wife's behalf a "Consent for Medical Procedures and Treatment" form that contained the following provision:

> I understand those physicians providing medical services are not agents or employees of the hospital. This includes but is not limited to the emergency department physicians and physician assistants, the anesthesiologist, the radiologists . . . .

Once admitted, Ms. Dewald underwent a pelvic ultrasound, the results of which suggested decreased arterial flow to her left ovary. These results were received by the emergency room physician, who released Ms. Dewald with instructions to follow up with her primary care physician.

After the pelvic ultrasound was performed, Dr. Lamballe, a radiologist with staff privileges at StoneCrest, dictated and electronically signed a report incorrectly indicating that Ms. Dewald had undergone a series of chest x-rays which revealed advanced lung cancer. This erroneous report was transmitted to Ms. Dewald's primary care physician who advised Ms. Dewald the next morning of this diagnosis and told her to report immediately to another hospital to begin treatment for lung cancer. Ms. Dewald was admitted that day and spent two days hospitalized believing she had lung cancer before finally learning that the report sent to her physician actually contained Dr. Lamballe's impressions from another patient's x-ray.

According to Sophia Arwood, Medical Staff Coordinator for StoneCrest, as of January 2004, Dr. Lamballe was an independent medical practitioner with medical staff privileges at the hospital.

---

[1] The complaint was later amended to correct the defendant's name to HCA Health Services of Tennessee, d/b/a/ StoneCrest Medical Center.

He was not an employee or agent of the hospital. Ms. Dewald testified via deposition that she was under the impression at all times that the physicians were employees of the hospital. She was never told that they were not employees. Her husband filled out the paperwork for her at the emergency room on January 25, 2004, because she was suffering from extreme nausea. Ms. Dewald admitted she had probably signed similar forms in the past (containing similar disclosures), but that she did not take the time to read them. She explained: "When they bring [the forms] to you, they just say: sign here and there. And when you're sick, you sign. And I did not take the time to read, no."

The trial court granted StoneCrest's motion for summary judgment in part as to the plaintiffs' claims for primary negligence, but refused to grant summary judgment as to the claims based upon an alleged apparent agency relationship between StoneCrest and Dr. Lamballe. The trial court determined that genuine issues of material fact exist as to whether StoneCrest may be held vicariously liable for the alleged negligence of Dr. Lamballe. StoneCrest sought an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, which was granted by the trial court and then by the Court of Appeals.

The Court of Appeals vacated the trial court's order and remanded the case to the trial court for entry of an order granting StoneCrest's motion for summary judgment on all claims. The intermediate appellate court held that "StoneCrest's liability is not . . . based on whether Mrs. Dewald read the disclaimer, but rather on whether StoneCrest held Dr. Lamballe out as its agent." We granted the plaintiffs' application for permission to appeal.

**Analysis**

Summary judgment is to be granted by a trial court only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. See Tenn. R. Civ. P. 56.03; Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). The party seeking summary judgment bears the burden of demonstrating that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. Godfrey v. Ruiz, 90 S.W.3d 692, 695 (Tenn. 2002). In reviewing the record to determine whether summary judgment requirements have been met, we must view all the evidence in the light most favorable to the non-moving party. Eyring v. Fort Sanders Parkwest Med. Ctr., Inc., 991 S.W.2d 230, 236 (Tenn. 1999); Byrd, 847 S.W.2d at 210-11. We review a trial court's grant of summary judgment de novo, according no presumption of correctness to the trial court's determination. Blair v. W. Town Mall, 130 S.W.3d 761, 763 (Tenn. 2004); Godfrey, 90 S.W.3d at 695.

This case presents the same issue that this Court addressed in an opinion filed today in the companion case of Boren v. Weeks, No. M2007-00628-SC-R11-CV, — S.W.3d — (Tenn. May 6, 2008): did the Court of Appeals err in concluding that there are no issues of material fact in dispute with respect to the plaintiffs' theory of apparent agency between the hospital and the physician? Upon review, we conclude that the Court of Appeals erred in holding that StoneCrest was entitled to summary judgment.

In <u>Boren</u>, we adopted the analysis derived from the Restatement (Second) of Torts § 429 and held:

> To hold a hospital vicariously liable for the negligent or wrongful acts of an independent contractor physician, a plaintiff must show that (1) the hospital held itself out to the public as providing medical services; (2) the plaintiff looked to the hospital rather than to the individual physician to perform those services; and (3) the patient accepted those services in the reasonable belief that the services were provided by the hospital or a hospital employee.

<u>Boren</u>, — S.W.3d at —. With respect to the third factor, we held that "[a] hospital generally will be able to avoid liability by providing meaningful written notice to the patient, acknowledged at the time of admission." <u>Id.</u> at — (quoting <u>Sword v. NKC Hosps., Inc.</u>, 714 N.E.2d 142, 152 (Ind. 1999)). We then concluded that factual disputes existed as to whether River Park provided the Borens with adequate notice of the contractual arrangement between River Park and the emergency room physicians, thereby rendering summary judgment inappropriate. <u>Id.</u> at —.

In the case before us, the Court of Appeals held that "StoneCrest's liability is not . . . based on whether Mrs. Dewald read the disclaimer, but rather on whether StoneCrest held Dr. Lamballe out as its agent." In light of our decision in <u>Boren</u>, including the adoption of the Restatement (Second) of Torts § 429, we now reverse the Court of Appeals' decision granting summary judgment to StoneCrest. We remand this case to the trial court for further proceedings and for reconsideration of StoneCrest's summary judgment motion consistent with the analysis and new standard set forth in <u>Boren</u>.

## Conclusion

We reverse the Court of Appeals' granting summary judgment to StoneCrest and remand this case to the trial court for further proceedings and for reconsideration of StoneCrest's motion for summary judgment consistent with the analysis and new standard adopted in <u>Boren</u>. At our discretion, all costs of this appeal are taxed against the Appellee, StoneCrest.

 

_____
William M. Barker, Chief Justice