**Cheryl L. GRAY**

v.

**Alex V. MITSKY, et al.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Assigned on Briefs Feb. 19, 2008.

July 29, 2008.

Permission to Appeal Denied by Supreme Court Feb. 2, 2009.

G. Kline Preston, IV, Nashville, Tennessee, for the appellants, Alex V. Mitsky and Val P. Mitsky.

Joseph B. Klockenkemper, II and Michael T. Schmitt, for the appellee, Cheryl L. Gray.

### OPINION

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY and SHARON G. LEE, JJ., joined.

Following a two-vehicle collision, Cheryl L. Gray ("the plaintiff") brought an action for damages against the other driver, Alex V. Mitsky ("Son"), and the registered owner of the other driver's vehicle, Val P. Mitsky ("Father"). Son stipulated that he was at fault in the accident. The plaintiff alleged that Father was vicariously liable under the provisions of Tenn.Code Ann. §§ 55–10–311 and –312 (2004). Father's motion for dismissal was denied by the trial court, and judgment was entered for the plaintiff against both Father and Son. Father appeals. We affirm.

## I.

This litigation arises out of a November 5, 2002, traffic accident. The plaintiff was injured when the vehicle she was driving was rear-ended by the Mitsky vehicle. In her complaint, the plaintiff alleged that Father was the registered owner of the vehicle and was liable to her pursuant to Tenn.Code Ann. §§ 55–10–311 and –312. A bench trial occurred on May 16, 2007. In that trial, the issues were twofold: the amount of damages to be awarded to the plaintiff and whether, in addition to Son, Father was liable for the plaintiff's damages. The portions of the statement of evidence relating to the issue of Father's vicarious liability are as follows:

> Mr. Val Mitsky testified that he gifted the 1996 Mazda to his son Alex well before the accident between his son, Alex, and the Plaintiff, Ms. Gray. He testified that his son was totally responsible for the vehicle including paying for all repairs, maintenance and gas after he had given it to him and this was prior to November 5, 2002. He further testified that after he gave the car to his son, he cancelled his liability and casualty insurance on the vehicle. He also testified that he believed his son had transferred the title to himself prior to the accident and that his son was over eighteen when he gave him the car which was prior to the accident. He testified that at the time of the accident his son [w]as not using the 1996 Mazda SUV for family business o[r] a family purpose.

> Mr. Alex Mitsky testified that he was over the age of eighteen prior to the accident with Ms. Gray. He testified that his father had given him the car well in advance of the accident. He also testified that once his father had given him the vehicle, he was completely responsible for the vehicle and it was his and his alone. He testified that he was in the process of transferring title into his name but had not done so at the time of

the accident. Alex admitted fault in the accident and that he was not using the 1996 Mazda for family business or a family purpose.

> Mrs. Nina Mitsky ["Mother"] testified that she was the wife of Val Mitsky and the mother of Alex Mitsky. She testified that Val Mitsky had given the vehicle to their son well in advance of the accident with Ms. Gray. She further testified that she and Val Mitsky had cancelled their insurance on this vehicle prior to the accident because it had been given to their son, Alex.

* * *

After the close of proof, Mr. Preston argued on behalf of the Defendant, Val Mitsky, that he should be dismissed from the action because he had transferred the vehicle to his son and he was not the owner of the vehicle, despite the fact that it was still titled in the name of Val Mitsky. The Defendant moved to dismiss Val Mitsky from the case.

Mr. Crocker argued that Mr. Val Mitsky was liable for his son's negligence under the Family Purpose Doctrine. It was stipulated prior to trial that Alex Mitsky lived with Val and Nina Mitsky. Mr. Crocker also argued that Tenn.Code Ann. § 55–10–311 was clear and unambiguous and that the statutory presumption had not been overcome. Mr. Crocker stated that the evidence, when viewed against the backdrop of this statute, weighed heavily in favor of finding Mr. Val Mitsky liable along with his son.

* * *

On May 24, 2007, the trial court entered judgment against both Son and Father in the amount of $75,000. This appeal followed.

## II.

The issue raised by Father and Son on appeal, stated verbatim, is as follows:

Whether the trial court erred in finding defendant, Val P. Mitsky, vicariously liable for the damages caused by his son.

## III.

Since this matter was tried before the court sitting without a jury, our review of the trial court's findings of fact is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R.App. P. 13(d). As to the issues regarding questions of law, our review is *de novo* with no presumption of correctness. *See Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997); Tenn. R.App. P. 13(d).

## IV.

Tenn.Code Ann. § 55–10–311 reads as follows:

(a) In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment....

(b) This section is in the nature of remedial legislation and it is the legislative intent that it be given a liberal construction.

Tenn.Code Ann. § 55–10–312 provides that [p]roof of the registration of the motor-propelled vehicle in the name of any person shall be prima facie evidence of ownership of the motor-propelled vehicle by the person in whose name the vehicle is registered; and such proof of registration shall likewise be prima facie evidence that the vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of the servant's employment.

In summary, Tenn.Code Ann. § 55–10–312 states that "proof of ... registration" of a vehicle is "prima facie evidence of ownership" while Tenn.Code Ann. § 55–1–311 provides that "proof of ownership" is prima facie evidence that the vehicle, at the time of the accident, was being operated "with authority, consent and knowledge of the owner" and "within the course and scope of the servant's [*i.e.,* in this case, the driver's] employment."

The family purpose doctrine has been described as follows:

The family purpose doctrine is a court-created legal fiction by which the owner of an automobile is held vicariously liable when the car is negligently driven by a member of the immediate household. The fiction is predicated on the assumption that the driver is implementing a "family purpose," even if the driver is only using the automobile for his own pleasure or convenience. The car must be driven with the permission of the owner, but this may be inferred from very general circumstances....

In order for the family purpose doctrine to apply in Tennessee, two requirements must be met, namely, that the head of the household maintains the vehicle for the purpose of providing pleasure or

comfort to his or her family and the driver was using the vehicle at the time of the injury-producing accident in furtherance of that purpose and with either the express or implied permission of the owner. The true test is whether the driver was engaged in the owner's business at the time of the accident, with business here meaning the furnishing of pleasure to the owner's family. The family purpose doctrine applies to adults as well as to minors and is imposed as a matter of public policy.

*Thurmon v. Sellers,* 62 S.W.3d 145, 156 (Tenn.Ct.App.2001) (internal citations omitted).

The testimony at trial established that Father was the registered owner of the vehicle involved in the collision with the plaintiff. This evidence, without more, established a prima facie case of Father's liability under the above-quoted two statutes.

A prima facie case established by the application of these two code sections can be overcome by uncontradicted evidence to the contrary coming from witnesses whose credibility is not at issue. *See Haggard v. Jim Clayton Motors, Inc.,* 216 Tenn. 625, 393 S.W.2d 292, 294 (1965). The Mitskys argue on this appeal that the testimony at trial revealed that Son—not Father—was, as of the precise time of the accident, the owner of the vehicle at issue and was, therefore, fully responsible. The Mitskys contend that the proof of Father's nonownership of the subject vehicle was unrefuted and uncontradicted and sufficient to defeat the prima facie case established under Tenn.Code Ann. §§ 55–10–311 and – 312. They submit, therefore, that it was error for the trial court to find Father vicariously liable to Gray under any theory.

In *Godfrey v. Ruiz,* 90 S.W.3d 692, 696 (Tenn.2002), the Supreme Court noted that, while the testimony of the defendants in that case was uncontroverted, their status as interested witnesses placed their credibility in question. The High Court held that a registered owner's offer of "testimony negating the issue of agency, standing alone, cannot overcome the statutorily created prima facie evidence of an owner-driver agency relationship created by Tennessee Code Annotated § 55–10–311(a)." *Id.* We note that one's credibility is in issue just by the fact that he or she has an interest in the outcome of the lawsuit. *See Price v. Allstate Ins. Co.,* 614 S.W.2d 377, 379 (Tenn.Ct.App.1981).

The facts show that Son lived at home with his family at the time of the accident and the vehicle was registered in Father's name. The case law in this state teaches that a driver can be operating a vehicle for a family purpose "even if the driver is only using the automobile for his own pleasure or convenience." *Thurmon,* 62 S.W.3d at 156. The evidence provided to rebut the plaintiff's prima facie case was the testimony of Father, Son and Mother—all interested witnesses—that, despite the vehicle's registration, Father was not the owner of the subject vehicle at the time of the collision. The testimony received by the trial court apparently did not persuade the court to rule in Father's favor on the issue of ownership. The trier of fact—here the trial judge—is in the best position to make credibility determinations. *Wells v. Tenn. Bd. of Regents,* 9 S.W.3d 779, 783 (Tenn. 1999). The trial court in the case before us recited that its judgment against Father and Son was made after "weighing the credibility of the testimony of each witness." When we show the appropriate deference to the trial court's role in determining credibility, we are unable to say that the evidence preponderates against the trial court's findings underpinning its judgment. Accordingly, we find no abuse of discretion in this case.

## V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Alex V. Mitsky and Val P. Mitsky. This case is remanded to the trial court for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law.