IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2010

# PROVIDENCE CROSSINGS, LLC v. SC REALTY CAPITAL, L.P., SC CAPITAL, LLC AND SMITH REALTY INTERESTS, L.P.

### Appeal from the Chancery Court for Davidson County
### No. 06-364-II      Ellen H. Lyle, Chancellor

### No. M2009-01307-COA-R3-CV - Filed November 2, 2010

FRANK G. CLEMENT, JR., J., concurring.

I write this concurring opinion because I find it very difficult to believe that the contractual rights at issue were not foreclosed upon and, thus, passed to the bank as a result of the foreclosure, in which event Defendants would be entitled to summary judgment as a matter of law as the trial court found. However, as the majority correctly notes, there may be a small crack in the evidentiary chain that pertains to material facts at issue. I am not fully convinced there is a deficiency, but for purposes of summary judgment the court must be convinced that material facts are not in dispute.

The party seeking summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that the party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the nonmoving party's claim *or* show that the moving party cannot prove an essential element of the claim at trial. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008); *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).

Because there may or may not be a crack in the evidentiary chain as it pertains to a material fact, I am unable to conclude that Providence, the plaintiff, cannot prove an essential element of its claim at trial. *Martin,* 271 S.W.3d at 83; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).  Accordingly, I concur with the majority.

_____
FRANK G. CLEMENT, JR., JUDGE