IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2019

## JOHN VERGOS v. RANDALL SWANEY

**Appeal from the Circuit Court for Shelby County**
**No. CT-000263-17        Jerry Stokes, Judge**

_____

### No. W2018-01063-COA-R3-CV

_____

A private citizen initiated a proceeding in Shelby County Environmental Court to remove a billboard; the environmental court denied the petition, and the citizen appealed to Circuit Court. That court held that the citizen did not have standing to initiate the action and granted summary judgment to the billboard's owner. The citizen appeals, contending that he has standing. The undisputed facts show that the Memphis and Shelby County Office of Construction Code Enforcement issued a citation to the billboard's owner indicating that the billboard violated the Uniform Development Code, and initiated a proceeding in Shelby County General Sessions Court against the billboard owner, which was dismissed and no appeal was taken. We conclude that the fact that a proceeding to remove the billboard was initiated by the City deprives the citizen of standing to enforce the pertinent provisions of the Code himself. Accordingly, we affirm the judgment of the trial court granting summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Webb A. Brewer, Memphis, Tennessee, for the appellant, John Vergos.

David Wade and Abigail K. Abide, Memphis, Tennessee, for the appellee, Randall Swaney.

# OPINION

## I. FACTUAL AND PROCEDURAL HISTORY

Randall Swaney is in the outdoor billboard sign business; Mr. Swaney found a billboard at 2884 Walnut Grove Road in Memphis that he wanted to convert to a digital sign. He engaged an attorney and discussed the change with an official at the Memphis and Shelby County Office of Construction Code Enforcement ("CCE"). That official conducted his own review, and a permit was subsequently issued on January 29, 2016 to allow the billboard to be converted to a digital sign. Mr. Swaney then obtained more than $800,000 in financing and converted the billboard to a digital sign.

On February 4, 2016, an inspector with CCE issued Mr. Swaney a citation, stating that the billboard violated Ordinance No. 5367, section 4.9.8M(3) of the Memphis and Shelby County Unified Development Code ("UDC") by "fail[ing] to comply with requirements of UDC concerning Permit 1073478 billboard atop building." The citation required Mr. Swaney to appear in the General Sessions Court on February 29, 2016 to respond to the citation. A hearing was held on the citation in July 2016, and the citation was dismissed.[1]

John Vergos, a resident of Memphis and former City Council member, filed a petition in the Environmental Court of Shelby County seeking removal of the sign, asserting that he was "adversely affected by the presence of the billboard sign." The petition alleged that the billboard violated the various provisions of UDC, including sections 4.9.6 and 4.9.8, and that it must be removed in accordance with section 4.9.15(B).[2] Mr. Vergos alleged that he was authorized to bring such an action pursuant to section 4.9.15(G) of the UDC, which provides that a resident of the City of Memphis or Shelby County is authorized to initiate proceedings in environmental court to secure

---

[1] No record of the proceedings stemming from the issuance of the citation is present in the record, other than a copy of the citation and a copy of the "Case Information" printout, which lists the parties, charges, and disposition events. These documents were filed as exhibits to Mr. Swaney's affidavit, which supported his motion for summary judgment in the case that is presently before us on appeal.

[2] The Memphis/Shelby County Unified Development Code section 4.9.15 is titled "Nonconforming Signs"; subsection (B) reads as follows:

**B. Distinction of Effect on Illegal Signs**
Any sign in existence on the effective date of this amendment which was constructed, erected or maintained in violation of the requirements of ordinances/resolutions or regulations as previously existing, or any sign erected after the effective date of this amendment which does not conform to the requirements of this Chapter shall be deemed illegal and removed, or otherwise made to conform with the current requirements of this Chapter within thirty (30) days of written notification by the building official.

removal of nonconforming and illegal billboards when "the building official fails to initiate proceedings against the owner" within certain time limits.

A hearing was held in the Environmental Court on November 2, 2016, at which seven witnesses testified and exhibits were admitted. The trial court entered an order on January 5, 2017, denying Mr. Vergos' petition because "[t]he Respondent detrimentally relied on the issued Permit to complete the construction" and "[r]evocation of the Permit would create a significant hardship and would be unjust and inequitable." Mr. Vergos appealed the decision to Shelby County Circuit Court.

In the circuit court, Mr. Swaney filed a motion for summary judgment in which he argued he was entitled to judgment as a matter of law because Mr. Vergos had no standing to enforce the provisions of the UDC and because the appeal to the Circuit Court was not timely perfected. Along with his motion, he filed a statement of twenty-five undisputed material facts ("SMF"), supported by his sworn affidavit, a copy of the citation issued by CCE, a printout of "Case Information" relating to the hearing on the citation, Mr. Vergos' petition, a printout of "Case Information" relating to the resolution of Mr. Vergos' petition in the environmental court, and a copy of the environmental court's Final Order and Judgment.

Mr. Vergos responded to the SMF, disputing four of Mr. Swaney's statements, and also filed a statement of twenty additional undisputed facts.[3] By order entered May 9, 2018, the circuit court held that Mr. Vergos' lacked standing and that Mr. Swaney was entitled to summary judgment on that ground; the court denied the motion with respect to the timeliness of the appeal to circuit court. Mr. Vergos appeals; we deem the first issue raised to be dispositive:

> Whether the trial court erred in finding that the Petitioner/Appellant, Mr. Vergos, lacked standing to bring his petition for removal of an illegal billboard sign under the relevant provisions of the Unified Development Code of Memphis and Shelby County.

## II. STANDARD OF REVIEW

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits…show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Our Supreme Court has held:

---

[3] Mr. Swaney did not respond to the additional statements of fact and filed a motion to strike Mr. Vergos' responses; the court did not enter an order on the motion to strike. The hearing was held as scheduled on April 23, 2018, and the court's order recites that it considered all materials filed by the parties.

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production by either (1) affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the moving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. . . . [S]ummary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. . . .

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264-65 (Tenn. 2015).

This court reviews the trial court's ruling on a motion for summary judgment *de novo* with no presumption of correctness, as the resolution of the motion is a matter of law. *Rye*, 477 S.W.3d at 250 (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). We view the evidence in favor of the non-moving party by resolving all reasonable inferences in its favor and discarding all countervailing evidence. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

### III. ANALYSIS

The petition Mr. Vergos filed in environmental court alleged that the billboard is both "illegal" and "nonconforming"; these words are defined in the UDC.[4] Section

---

[4] The UDC deems "illegal" "[a]ny sign in existence on the effective date of this amendment which was constructed, erected or maintained in violation of the requirements of ordinances/resolutions or regulations as previously existing, or any sign erected after the effective date of this amendment which does not conform to the requirements of this Chapter"; illegal signs should be "removed, or otherwise made to conform with the current requirements of this Chapter within thirty (30) days of written notification by the building official." UDC § 4.9.15(B). The UDC defines a "nonconforming sign" as follows:

Any sign in existence on the effective date of this amendment which violates or does not conform to the current provisions of this Chapter, but was constructed, erected or maintained in accordance with the requirements of previously existing ordinances/resolutions or regulations, shall be regarded as a nonconforming sign. Any

4

4.9.15(G) of the UDC, titled "Enforcement of Removal," provides the authorization for a private citizen to initiate an action to remove a sign in certain circumstances:

> 4. Any resident of the city or county of Shelby is authorized or empowered to initiate the necessary proceedings in environmental court to secure removal of the illegal sign if, but only if the building official fails to initiate proceedings against the owner of the illegal sign to secure removal of the sign within ninety (90) days of written notification of the owner as set forth in the preceding paragraph.
>
> ***
>
> 6. Any resident of the city or county of Shelby is authorized or empowered to initiate the necessary proceedings in environmental court to secure removal of the nonconforming sign if removal of the sign is required under Sub-Section F. 1 through 3 of this section and if, but only if, the building official fails to initiate proceedings against the owner of the nonconforming sign within ninety (90) days of the applicable time set forth in Sub-Section F. 1 through 3 of this section.

UDC § 4.9.15(G). The following statements of material fact are pertinent to our resolution of this issue:

> 17. After the sign faces were installed, paid for, and in operation, an inspector with the CCE, Phil Brewer, issued a citation, number CE 009946 on February 4, 2016 citing Mr. Swaney and the Billboard and to secure removal of the Billboard for "failure to comply with requirements of UDC concerning permit 1073478 Billboard atop building."
> **Response:** Undisputed that a citation, number CE 009946, was issued by Phil Brewer on February 4, 2016 after the sign faces were installed and operating, but disputed that the citation sought removal of the sign, that the sign was paid for, and what the handwriting on the citation says.
>
> ***

---

off-premise sign which was a nonconforming sign prior to the adoption of the 2005 amendments to the predecessor of this ordinance (which amendments prohibited off-premise signs at any location not within 300 feet of a U.S. Interstate Highway) shall remain a nonconforming sign and shall be treated as such, regardless of the fact that the passage of this amendment may create an additional characteristic of nonconformity because of its location other than along or within 300 feet of an U.S. Interstate Highway.

UDC § 4.9.8(K); see also § 4.9.15(D).

19. A hearing on the citation was set for February 29, 2016 in Division 14 of the General Sessions Court, Memphis, Shelby County, Tennessee.
**Response:** Undisputed for purposes of Summary Judgment.

20. The hearing was continued from date to date and ultimately was held in Division 14 of the General Sessions Court, Memphis, Shelby County, Tennessee on July 7, 2016 on Mr. Swaney's Motion to Dismiss.
**Response:** Undisputed that Judge Potter dismissed the citation on procedural grounds.

21. No appeal was taken by the Building Official for the Office of Memphis and Shelby County Construction Code Enforcement from the dismissal.
**Response:** Undisputed.

Mr. Vergos does not support the matters he disputes in the latter part of Statement 17 with citation to the record, as required by Tennessee Rule of Civil Procedure 56.03. ("Each disputed fact must be supported by specific citation to the record." Tenn. R. Civ. P. 56.03.) Notwithstanding, we have reviewed the entire record and determined that the undisputed facts show that the City initiated proceedings against Mr. Swaney, which resulted in a hearing and the dismissal of the citation in July 2016. The ordinance provides that, regardless of whether the billboard is "illegal" or "nonconforming," the building official must "fail to initiate proceedings against the owner" of the sign before a resident can bring a proceeding to have the sign removed. Because a building official initiated proceedings involving the billboard, Mr. Vergos did not have standing pursuant to UDC section 4.9.15(G) to initiate an action to remove the sign. Accordingly, we affirm the judgment of the trial court.

Our conclusion in this regard pretermits our consideration of the other two issues raised by Mr. Vergos on appeal.[5]

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

_____
RICHARD H. DINKINS, JUDGE

---

[5] This also renders moot Mr. Swaney's argument that the trial court erred in not dismissing the Mr. Vergos' appeal from environmental court on the ground of timeliness.