IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 15, 2019 Session

## JED EMERT v. MILLENNIUM TAXI SERVICE, LLC, ET AL.

**Appeal from the Circuit Court for Bradley County**
No. V-16-558      Lawrence Howard Puckett, Judge

———————————————————————

### No. E2018-01450-COA-R3-CV

———————————————————————

The trial court granted summary judgment to various of the defendants in a personal injury action. The Plaintiff appeals, contending that material facts are in dispute, precluding summary judgment. Finding that disputes of material fact exist, we reverse the judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., joined. CHARLES D. SUSANO, JR., J., dissenting.

Michael J. Warshauer and Trent Shuping, Atlanta, Georgia; and Pamela O'Dwyer, Chattanooga, Tennessee, for the appellant, Jed Emert.

William B. Jakes, III and William B. Jakes, IV, Nashville, Tennessee, for the appellees, Millennium Taxi 2, LLC, Millennium Taxi Service, LLC, and Millennium Transportation.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

Jed Emert is a locomotive engineer employed by Norfolk Southern Railway Company. Early in the morning of August 27, 2015, he was driven from the company's dormitory in Chattanooga to a train depot in Cleveland, Tennessee, in a taxi-van owned by Millennium Taxi Service and driven by Kay Harris. As Mr. Emert attempted to exit the van from the rear passenger side, the door shut on his leg, causing injuries to his hip that ultimately required surgery.

Mr. Emert filed suit, naming Norfolk Southern, Professional Transportation Inc., Millennium Taxi Service LLC, Millennium Taxi 2, and Millennium Transportation Service, LLC, as defendants (the latter three defendants will be referred to herein as "the Millennium Defendants"). The complaint alleged that "the van door was negligently caused to shut on the Plaintiff's leg" and that the door shut on account of the negligence of the Millennium Defendants. Mr. Emert sought general damages for his disability, pain, suffering, discomfort, disfigurement, and impairment, as well as general and special damages for his past and future medical expenses and lost wages and benefits.

The Millennium Defendants answered, denying liability and pleading comparative fault, insufficiency of process, and other defenses.[1] The Millennium Defendants moved for summary judgment on April 3, 2018, asserting that they "have affirmatively negated an essential element of the plaintiff's claim by establishing that there was no act or admission amounting to negligence on the part of these defendants, and . . . plaintiff's evidence is insufficient to establish the plaintiff's claim." Their Rule 56.03 statement contained ten facts and was supported by the affidavits of Timothy Duckett, owner of Millennium Taxi Service, LLC, and Kay Harris, the driver of the van, as well as the depositions of Plaintiff and Jim McKeehan, the Plaintiff's supervisor.

Plaintiff responded to the statements of fact, disputing three of them and filing a statement of twenty additional facts. Plaintiff's response and statement of additional facts were supported by the Millennium Defendant's discovery responses, Ordinances of the City of Chattanooga, a subcontractor agreement between Professional Transportation and Millennium Taxi, his deposition as well as those of Mr. McKeehan and Scott Gregory (also a supervisor of Plaintiff), and the Complaint and Millennium Defendants' Answer.

Though their response is not in the record, the order granting summary judgment records that the Millennium Defendants responded to Plaintiff's additional facts, disputing several of the statements. After a hearing, the trial court granted summary judgment to the Millennium Defendants, holding as follows:

> … Plaintiff has failed to present direct evidence and/or sufficient circumstantial evidence or a combination of direct and circumstantial evidence to support his claim that Kay Harris caused the door to close on him as he exited the vehicle. The closing of the door is unexplained. The factual conclusion that Harris closed the door is not more probable than any other explanation ie that the Plaintiff inadvertently caused the door to shut or the conclusion that the door closed automatically on its own, albeit, for

---

[1] Norfolk Southern and Professional Transportation also answered; their liability is not at issue in this appeal.

2

purpose of this motion the parties do not dispute that the door was without known mechanical defect.

A trier of fact is not allowed to speculate as to who or what caused the door to shut.

The order directed that it be entered as a final judgment to all Millennium Defendants pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Mr. Emert's motion to alter or amend the judgment was denied, and he appeals the grant of summary judgment, stating the following issue:

A passenger was disembarking from a taxi-van when a sliding door unexpectedly closed on his leg. The door would only close if one of two buttons was pressed. One button was near the driver. The other was near the passenger. Both denied pressing their button. Could a reasonable juror could believe the passenger, disbelieve the driver, and therefore infer that the driver negligently caused the door to shut on the passenger?

## II. STANDARD OF REVIEW

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits…show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Our Supreme Court has held:

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production by either (1) affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the moving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. . . . [S]ummary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. . . .

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264-65 (Tenn. 2015).

This court reviews the trial court's ruling on a motion for summary judgment *de novo* with no presumption of correctness, as the resolution of the motion is a matter of law. *Rye,* 477 S.W.3d at 250 (citing *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). We view the evidence in favor of the non-moving party by resolving all reasonable inferences in its favor and discarding all countervailing evidence. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). "However, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition." *Moore v. City of Clarksville*, No. M2016-00296-COA-R3-CV, 2016 WL 6462193, at *3 (Tenn. Ct. App. Oct. 31, 2016). Indeed, we stated in *Moore*:

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Moore*, 2016 WL 6462193, at *3 (quoting *EVCO Corp. v. Ross*, 528 S.W.2d 20, 24-25 (Tenn. 1975)).

### III. ANALYSIS

The necessary elements of a negligence claim are: "1) a duty of care owed by the defendant to the plaintiff; 2) conduct falling below the applicable standard of care amounting to a breach of that duty; 3) an injury or loss; 4) causation in fact; and 5) proximate, or legal, cause." *King v. Anderson Cty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (citing *Giggers v. Memphis Hous. Authority*, 277 S.W.3d 359, 364 (Tenn. 2009)). Pertinent to the elements of this claim, the Defendants asserted that "there was no act or omission amounting to negligence on the part of these defendants, and . . . plaintiff's evidence is insufficient to establish the plaintiff's claim."

Plaintiff disputed several of the Millennium Defendants' statements of fact, including the following, which we deem pertinent:

> 7. Plaintiff has no reason to believe, and no knowledge, that the driver caused the door to close. (Emert deposition, p. 160.)
>
> Response: Disputed as written. Mr. Emert said, "I don't know." Emert Dep. 160:16-18. Mr. Emert was not looking at the driver when the door shut.

4

Emert Dep. 63:19-64:3. Mr. Emert testified that "there is no way" he caused the door to shut. Emert Dep. 64:6-10.

Plaintiff also asserted that several of the additional statements of fact he posed were undisputed; we have quoted those we deem pertinent to this issue, along with the Defendants' responses[2]:

9. Mr. Emert told Mr. McKeehan that he had not done anything to cause the door to close. McKeehan Dep. 16:15-17:13, 25:19-22.

Response: Undisputed.

10. Neither Millennium nor driver Kay Harris were aware of any defects or problems with the door. (Harris affidavit; Duckett affidavit.)

Response: Not disputed for purposes of ruling on the motion for summary judgment only.

11. The van had two buttons that would open and shut the door, one on the post in the passenger area and one that could be pressed by the driver. McKeehan Dep. 24:20-25:6.

Response: Undisputed.

12. For the van door to shut required the driver to press her button or for the passenger area button to be pressed. McKeehan Dep. 25:13-18.

Response: Disputed.  According to Plaintiff, the door shut "automatically."

\*\*\*

16. There are only two buttons for the door, one facing the passenger and one for the driver. Gregory Dep. 24:15-22.

Response: Undisputed.

In considering the motion for summary judgment, we must view the evidence in favor of Plaintiff, and resolve all reasonable inferences in his behalf, disregarding all countervailing evidence.  *Stovall*, 113 S.W.3d at 721; *Godfrey*, 90 S.W.3d at 695.

---

[2] The Millennium Defendants' responses are not in the record on appeal; in the order granting summary judgment, however, the trial court quoted their responses.  At oral argument, counsel for the Millennium Defendants acknowledged that the court's recitation, which we have quoted in this opinion, was correct.

"Summary judgments should not be used to find facts, to resolve factual disputes, or to choose among various permissible factual inferences. Thus, courts should not weigh the evidence in summary judgment proceedings, and likewise, they should not make credibility determinations." *Sherrer ex rel. Lilly S. v. Cleghorn,* No. M2018-00023-COA-R3-CV, 2018 WL 4520948, at *1 (Tenn. Ct. App. Sept. 20, 2018) (quoting *Burgess v. Harley*, 934 S.W.2d 58, 66 (Tenn. Ct. App. 1996) (internal citations omitted).

It is undisputed that there are two buttons that control the door: one near the driver, and the other on a post in the passenger area of the van. Ms. Harris says in her affidavit that she "did not cause the door to close on the plaintiff"; Mr. Emert testified that "there is no way I could have hit the button." Thus, there are disputed facts on the elements of causation and, possibly, breach of duty. These are for the finder of fact to resolve, and credibility determinations may be warranted. *See, e.g., Kraft v. Ezo-Goten, USA, Inc.*, No. M2001-03137-COA-R3-CV, 2002 WL 31769242, at *5 (Tenn. Ct. App. Dec. 11, 2002) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in her [or his] favor."). Viewing the evidence in the light most favorable to Mr. Emert, we conclude that summary judgment was inappropriate.

## IV. CONCLUSION

We reverse the grant of summary judgment to the Millennium Defendants and remand the case for further proceedings consistent with this opinion.

_____

RICHARD H. DINKINS, JUDGE

6