IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 27, 2012 Session

## JOSEPH BARNA v. PRESTON LAW GROUP, P.C. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 07C-580      Joe Binkley, Judge**

**No. M2011-02016-COA-R3-CV - Filed May 31, 2012**

Plaintiff appeals from the summary dismissal of his legal malpractice claim against his former attorney who represented him during an arbitration of a securities dispute. Finding that there are no genuine issues of material fact and that Defendants negated an essential element of Plaintiff's claim, causation, we affirm the summary dismissal of the action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Joseph C. Barna.

C. Bennett Harrison, Jr. and J. Cole Dowsley, Jr., Nashville, Tennessee, for the appellees, Preston Law Group, P.C., and G. Kline Preston, IV.

### OPINION

This is the second appeal in this action. Plaintiff, Joseph Barna, filed this legal malpractice action against Preston Law Group, P.C. and G. Kline Preston, Esq. ("Defendants"), in February 2007, alleging that the attorney and law firm were negligent in their representation of him during an arbitration before a panel of the National Association of Securities Dealers ("NASD").

In the first appeal, this court held that the summary dismissal of Plaintiff's legal malpractice claim was inappropriate because Defendants failed to negate an essential element of Plaintiff's claim against Preston Law Group P.C. and G. Kline Preston, specifically, the elements of causation and damages. *See Barna v. Preston Law Group*, No. M2008-02560-COA-R3-CV, 2009 WL 2616038 (Tenn. Ct. App. Aug. 25, 2009). We held that Defendants

failed to shift the burden of production to Plaintiff. In support of their first motion for summary judgment, Defendants had submitted the affidavit of Defendant, G. Kline Preston. We found that Mr. Preston's "conclusory 'opinions' regarding Mr. Barna's case" were insufficient to negate an essential element of the legal malpractice claim. *Barna*, 2009 WL 2616038, at *6. The action was remanded to the trial court.[1]

On remand, Defendants filed a second motion for summary judgment. In support of the motion, Defendants submitted the affidavit of Ames Davis, a Nashville attorney with a wealth of securities experience, as an expert witness to negate the essential element of causation in Plaintiff's legal malpractice claim. In his affidavit, Mr. Davis provided what had been lacking in support of Defendants' previous motion for summary judgment, a thorough statement of pertinent facts that provided a basis for and supported Mr. Davis's expert opinion that Defendants complied with the applicable standard of care, that no inaction or action of Defendants caused Plaintiff any damages, and further that no attorney representing Plaintiff would have won the underlying arbitration. In response to Mr. Davis's affidavit, Plaintiff submitted a supplemental affidavit of his expert witness, Michael Radford, and also filed a response to Defendants' Statement of Undisputed Facts.

On August 23, 2011, the trial court entered an order granting Defendants' motion for summary judgment finding that the affidavit of Ames Davis was sufficient to negate the essential element of causation and that Plaintiff had failed to rebut that evidence showing an existence of a dispute of material fact as to that element. Plaintiff filed a timely appeal.

## ANALYSIS

### I.

On appeal, Plaintiff contends that the trial court erred in summarily dismissing his claim because there are genuine issues of material fact and therefore summary judgment was inappropriate. Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). It is appropriate in virtually all civil cases that can be resolved on the basis of legal issues alone. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001). It is not appropriate when genuine disputes regarding material facts exist. *See* Tenn. R. Civ. P. 56.04. The party seeking summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that the party is entitled to

---

[1]A thorough summary of the pertinent facts is available in the opinion from the first appeal, *Barna v. Preston Law Group*, No. M2008-02560-COA-R3-CV, 2009 WL 2616038 (Tenn. Ct. App. Aug. 25, 2009).

judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the nonmoving party's claim *or* show that the moving party cannot prove an essential element of the claim at trial. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment de novo with no presumption of correctness. *Martin v. Norfolk Southern Ry. Co.,* 271 S.W.3d 76, 84 (Tenn. 2008) The appellate court makes a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1977). As does the trial court, the appellate court considers the evidence in the light most favorable to the nonmoving party and resolve all inferences in that party's favor. *Martin,* 271 S.W.3d at 84; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, the appellate court first determines whether factual disputes exist. If a factual dispute exists, the court then determines whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn.1993).

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party makes a properly supported motion, then the nonmoving party is required to establish the existence of the essential elements of the claim. *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. If, however, the moving party does not properly support the motion, then the nonmoving party's burden to produce either supporting affidavits or discovery is relieved and the motion must fail. *McCarley*, 960 S.W.2d at 588; *Martin,* 271 S.W.3d at 83.

To make this showing and shift the burden of production, a moving party may: 1) affirmatively negate an essential element of the nonmoving party's claim; or 2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd*, 847 S.W.2d at 215 n.5. Whichever approach the moving party takes, both require more than assertions of the

-3-

nonmoving party's lack of evidence. *Martin*, 271 S.W.3d at 83-84. In addition, the moving party must present evidence that more than "raises doubts" about the ability of the nonmoving party to prove its claim at trial. *Id.* at 84. The moving party must produce evidence or refer to previously submitted evidence. *Id.*; *accord Hannan*, 270 S.W.3d at 5. Thus, to negate an essential element of a claim, a moving party must refer to evidence that tends to disprove an essential element of the claim made by the nonmoving party. *Martin*, 271 S.W.3d at 84.

Therefore, as the moving party, Defendants had the burden to *negate* an essential element of Plaintiff's claim of legal malpractice *or* establish that Plaintiff *cannot prove* an essential element of the claim at trial. *See Martin*, 271 S.W.3d at 83 (citing *Hannan*, 270 S.W.3d at 5; *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5). Accordingly, Defendants were required to shift the burden of production to Plaintiff by either affirmatively negating an essential element of Plaintiff's claim or showing that Plaintiff cannot prove an essential element of his claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan*, 270 S.W.3d at 8-9; *McCarley*, 960 S.W.2d at 588.

II.

A prima facie case of legal malpractice requires a showing of the following elements: 1) the defendant attorney owed a duty to the plaintiff; 2) a breach of that duty; 3) that plaintiff suffered damages as a result of the breach; 4) that defendant attorney's breach was the factual cause of those damages; and 5) that defendant attorney's breach was the proximate, or legal cause of the plaintiff's damages. *Barna*, 2009 WL 2616038, at *4 (citing *Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001); *Shearon v. Seaman*, 198 S.W.3d 209, 214 (Tenn. Ct. App. 2005)). Further, in order to prove damages in a legal malpractice action, the plaintiff must prove that he would have obtained relief in the underlying lawsuit, but for the attorney's malpractice. *Shearon*, 198 S.W.3d at 218 (citing *Gibson*, 58 S.W.3d at 108).

In his affidavit, Mr. Davis set forth facts to establish that he was experienced in securities litigation and arbitration. Mr. Davis then identified the applicable standard of care and set forth facts to support his conclusion that Defendants complied with the applicable standard of care. He further stated that if Defendants had departed from the applicable standard of care no departure from such standard would have caused damages to Plaintiff.

Mr. Davis's affidavit provides a detailed analysis of the actions taken by Defendants in their representation of Plaintiff leading to his ultimate conclusion that Defendants complied with the applicable standard of care. Mr. Davis stated that:

[T]he evidence presented by [Kline Preston] and admitted during the arbitration proceedings appears to me to have been sufficient to establish a prima facie case that representatives of Firstrade, acting within the scope of their employment, advised Plaintiff that he could transfer shares out of his IRA into his margin account and back again whenever the value of the shares in his margin account increased sufficiently so that the shares were no longer required as collateral.

Mr. Davis also noted that Mr. Preston successfully established in cross-examination facts that "might arguably have established that Firstrade's representatives gave tax advice for which they were not trained, and might have supported a 'garden variety' claim for negligent misrepresentation." Mr. Davis reasoned that despite this, Plaintiff's claim was undermined, not by the actions or inactions of Defendants, but by the evidence presented by Firstrade, which established a number of facts that Plaintiff had failed to disclose to Defendants, including a separate lawsuit by Plaintiff against another broker and actions by Plaintiff that were "suggestive of an illegal check-kiting scheme." While in our previous opinion in this matter, we determined that Mr. Preston's factual statements were conclusory and failed to provide any factual statements to prove that [Plaintiff] would not have prevailed in the arbitration regardless of any negligence on Mr. Preston's part, Mr. Davis's affidavit provides factual statements to support his conclusion that "the arbitration prosecuted by Mr. Preston on behalf of Mr. Barna was not winnable by any attorney." Further, we note that Mr. Davis's affidavit also addressed the failure of Defendants to present an expert witness. In the prior appeal of this action, we determined that the mere statement by Mr. Preston in his affidavit that he was unable to find an expert witness for the arbitration proceedings, without more, did not negate an essential element of Plaintiff's claim. *Id*. at *6. However, Mr. Davis opined that in his opinion the failure to call an expert witness was not a departure from the applicable standard of professional care based upon the facts in Plaintiff's securities claim.

We agree with the trial court that the affidavit of Mr. Davis was sufficient to shift the burden of production to Plaintiff by affirmatively negating the essential element of causation in Plaintiff's legal malpractice claim. In fact, Plaintiff agrees that the affidavit shifts the burden noting in his brief that this appeal "essentially rises and falls" on the affidavit of Plaintiff's expert witness, Michael Radford. Plaintiff argues however that the affidavit and supplemental affidavit of his expert witness, Michael Radford, is sufficient to create a genuine issue of material fact on the issue of causation thereby making summary judgment inappropriate. We disagree. In his brief, Plaintiff points to the following paragraph in Mr. Radford's affidavit in order to support his argument that there is a dispute of material fact:

If Firstrade delayed selling Mr. Barna's securities to comply with margin requirements and the market value of the securities decreased between the time

they should have been sold and the time they were actually sold, the difference in value on those two dates establishes the extent to which Mr. Barna was damaged by that conduct.

Plaintiff argues this statement by Mr. Radford establishes an issue for the jury to determine whether or not Defendants provided sufficient proof on this issue to the arbitration panel. We do not believe this sole statement by Mr. Radford is sufficient to overcome the factual statements, analysis, and conclusions of Mr. Davis that Plaintiff would have been unsuccessful on his arbitration claim based upon no action or inaction of the Defendants. We agree with Defendants' assertion that Mr. Radford's affidavit is insufficient to create a dispute of fact on the issue of whether Plaintiff had a meritorious case and whether he could have succeeded in the underlying arbitration.

For the reasons stated above, we affirm the summary dismissal of Plaintiff's claim for legal malpractice finding that Defendants are entitled to summary judgment as a matter of law because they affirmatively negated the essential element of causation in Plaintiff's legal malpractice claim.

## In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Joseph Barna.

_____
FRANK G. CLEMENT, JR., JUDGE