# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 11, 2016 Session

## PARRIS KEANE ET AL. V. JOHN P. CAMPBELL, III ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 12C3924      Joseph P. Binkley, Jr., Judge**

_____

### No. M2016-00367-COA-R3-CV – Filed January 31, 2017

_____

The plaintiffs filed this negligence action seeking damages for injuries sustained from the collapse of a deck at the defendants' home. The defendants filed a motion for summary judgment, which the trial court granted, finding that the injuries were not reasonably foreseeable. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and KENNY W. ARMSTRONG, JJ., joined.

Renard A. Hirsch, Sr., Nashville, Tennessee, for the appellants, Parris Keane, Joseph P. Keane, and Brendie Keane.

William B. Jakes, III, Nashville, Tennessee, for the appellees, John P. Campbell and Lisa H. Campbell.

## OPINION

This action arises from a party hosted for high school students at the home of John and Lisa Campbell on September 27, 2008. Parris Keane ("Plaintiff"), who was fourteen-years old at the time, attended the party along with approximately forty to seventy other children.[1] While Plaintiff and the other children were dancing and jumping on an elevated, wooden deck attached to Defendants' house, the deck suddenly collapsed. As a result of the collapse, Plaintiff fell and sustained injuries.

_____

[1] There are three plaintiffs, Parris Keane and her parents, Joseph and Brendie Keane. For ease of reference only, we refer to Parris Keane singularly as "Plaintiff" and the three of them collectively as "Plaintiffs."

Within one year after Plaintiff turned eighteen, Plaintiffs filed suit against John P. Campbell and Lisa H. Campbell ("Defendants") claiming Defendants' negligence was the direct and proximate cause of Plaintiff's injuries. The complaint alleged that Defendants allowed the children to dance and jump on the deck for an extended period of time, which caused significant deflection of the deck and the subsequent collapse. The complaint further alleged that Defendants: (1) failed to properly and adequately monitor or supervise the children attending the party; (2) failed to warn the children of the danger they were facing; (3) failed to take any action to prevent the collapse of the deck; (4) failed to prevent the injury to the children; and (5) failed to observe what they could have observed in the exercise of reasonable care regarding the flexing of the deck. Plaintiff's parents joined in the suit asserting a claim for loss of society and companionship and medical expenses.

Defendants filed an answer denying all claims of negligence. Defendants also filed a third-party action against The Porch Company, the company that built the deck.

Following discovery, Defendants moved for summary judgment alleging that Plaintiffs failed to establish the essential elements of a negligence claim. Specifically, Defendants asserted that there was no evidence that any act or omission on the part of Defendants constituted negligence or was the proximate cause of the collapse of the deck.

At the conclusion of the hearing, the trial court ruled that the collapse of the deck and harm suffered by Plaintiff were not foreseeable; therefore, Plaintiffs failed to establish the necessary element of duty. Accordingly, the trial court held that Defendants were entitled to summary judgment as a matter of law. The ruling from the bench reads, in pertinent part, as follows:

> [A]s part of my duty analysis, I have to determine whether there was a foreseeability of harm to be caused to others . . . .

> [I]t appears to me that this is really a premises liability case. But whether it is a premises liability case or a negligent supervision case, duty has to be established. It doesn't matter what you call it, duty is the first step in the analysis. And it is a question of law for me, the court, to decide, not for the jury to decide.

> So I find there was no duty owed to the plaintiff in this case because the harm suffered by the plaintiff was not foreseeable by the defendants.

> It was not foreseeable by the defendants that having minors at their house and on their deck would result in the deck collapsing.

Specifically, it was not foreseeable that minors on the deck would be dancing and jumping, that the dancing and jumping would cause the deck to flex, and that the flexing of the deck would cause the deck to collapse, thereby injuring, the plaintiff.

. . . .

So the plaintiff has failed to establish the necessary element of their case which is the duty by the defendant to the plaintiff, so summary judgment is granted.

An order summarily dismissing Plaintiffs' claims was entered. Because Defendants' third-party action against The Porch Company was not dismissed, the order dismissing Plaintiffs' claims was designated a final judgment pursuant to Tenn. R. Civ. P. 54.02. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is proper in a negligence case when the dispositive issue is a question of law. *Bradshaw v. Daniel*, 854 S.W.2d 865 (Tenn. 1993). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye*, 477 S.W.3d at 250 (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). In so doing, we consider the

evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

**ANALYSIS**

Although Plaintiff raises several issues on appeal, the dispositive issue is whether the trial court erred by summarily dismissing Plaintiffs' claims based upon the finding that the injuries suffered by Plaintiff were not reasonably foreseeable.[2]

A. Essential Elements of Negligence

In order to be successful in a negligence action, the plaintiff must prove the following essential factors: (1) a duty of care existed which the defendant owed to the plaintiff; (2) the defendant's conduct fell below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss resulted; (4) causation in fact existed; and (5) defendant's act or omission was the proximate or legal cause of the injury. *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009). The first element, that of duty, is the dispositive issue in this matter. "Although not originally required under the English common law, *duty has become an essential element of all negligence claims*, as well as a question of law to be determined by courts." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008) (emphasis added). Thus, if Defendants do not owe a duty to Plaintiff, Plaintiffs' negligence claim must fail.

Generally, all persons have a duty "to use reasonable care to refrain from conduct that will foreseeably cause injury to others." *Biscan v. Brown*, 160 S.W.3d 462, 478 (Tenn. 2005) (quoting *Turner v. Jordan*, 957 S.W.2d 815, 818 (Tenn. 1997)). "Reasonable care" involves the concept of foreseeability. *Dobson v. State*, 23 S.W.3d 324, 331 (Tenn. Ct. App. 1999). A plaintiff is required to prove that "the injury was a reasonably foreseeable probability and that some action within the defendant's power more probably than not would have prevented the injury." *Id.* Foreseeability is thus linked with probability—the possibility of injury cannot be remote. *Doe v. Linder Constr.*

---

[2] The issues as stated in Plaintiffs' brief read:

1) Whether the trial court erred in ruling that the host of a school party has no duty to minor children attending the party to use ordinary care to control the guests and ensure their safety.
2) Whether there was a special relationship between the Campbells and the minor children at the party.
3) Whether the trial court erred in ruling that that the injury to the minor children on an elevated deck was not foreseeable.
4) Whether the host of a school party can abandon his or her duty of care to protect minor children once he or she assumes the duty of care and responsibility to protect the minor children.

*Co.*, 845 S.W.2d 173, 178 (Tenn. 1992). The fact that an injury might be conceivable is not sufficient to create a duty. *Satterfield*, 266 S.W.3d at 367. "If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability." *Doe*, 845 S.W.2d at 178. Moreover, foreseeability is "determined as of the time of the acts or omissions claimed to be negligent." *Id.* Hindsight is inappropriate in such matters.

Applying the foregoing legal principles to the facts and circumstances of this case, the question is whether Defendants could have reasonably foreseen that their deck would collapse, thereby injuring Plaintiff.

### B. Foreseeability and Duty

Plaintiffs insisted that the "dynamic action" (the children dancing and jumping on the deck), along with the amount of children on the deck (for summary judgment purposes, 40-70 children) and the flexing of the deck were "sufficient to render the possibility of harm foreseeable." Plaintiffs contend that Defendants "knew or should have known that the children were in danger; the deck was overloaded; the deck was populated beyond its capacity; was showing signs of significant flexing; and that injury was imminent." Plaintiffs further contend that had Defendants "properly monitored or supervised the children at the party, they could have: 1) warned the children of the impending danger; 2) removed them from the deck; 3) limited the number of children on the deck prior to its collapse; and/or 4) limit the activity on the deck."

In support of their motion for summary judgment, Defendants provided evidence establishing that they hosted numerous parties—for as many as 200 guests—prior to the party at issue and had never observed any problem with the deck. Specifically, in his deposition testimony, Mr. Campbell testified that hosting parties "was just regular use of the porch." The evidence further established that, in addition to passing codes inspection at the time of construction, the deck had been inspected on subsequent occasions by local and federal government as part of security precautions for political events that took place at the Campbell's home, and that no problems were ever noted. Moreover, in her deposition testimony, Mrs. Campbell testified that, during the ten minutes prior to the collapse of the deck, she was facing the deck with her foot "on the threshold of the porch," yet did not feel the floor shaking, see any flexing of the deck, or any problem with the deck. Mr. Campbell testified that he did not see the deck collapse because he was in the front yard at that time.

The undisputed evidence Defendants' rely on in support of their motion for summary judgment established that they exercised reasonable care and had no notice of any problems with the deck, thereby shifting the burden of production to Plaintiffs. Therefore, Plaintiffs, as the nonmoving parties, had the affirmative duty to "demonstrate

the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye*, 477 S.W.3d at 265.

Plaintiffs offered the affidavit testimony of Daniel Bellet, another attendee of the party, who was on the deck prior to the collapse. Mr. Bellet testified that he "had a premonition that something was going to happen because there was a ridiculous amount of people on the deck and it was going up and down as people were jumping/dancing." He further testified that he "imagined the deck falling because the deck continued going up and down as people were jumping/dancing and the deck looked overloaded and old," and "[a]s a result of [his] premonition, [he] got off of the deck and went inside of the house, which is where [he] was at the time of the collapse."

Plaintiffs insist that Mr. Bellet's affidavit testimony is "significant" because if Mr. Bellet, a "lay person," could foresee the possibility of the deck collapsing after observing the dancing and jumping on the deck and the flexing of the deck, then Defendants knew or should have known of the probability of the deck collapsing and injuring Plaintiff. Defendants insist this evidence is insufficient to create a dispute of fact concerning whether Defendants had prior notice of or any reason to expect the deck may collapse. To the contrary, Defendants rely on the undisputed evidence that they had numerous and even larger parties on the deck and there were no signs of instability. Further, they rely on the undisputed fact that the deck had been inspected on multiple occasions and no deficiencies were noted.

Having reviewed the evidence in light most favorable to Plaintiffs, we agree with the trial court's determination that the incident was not reasonably foreseeable. As a consequence, no duty existed. Therefore, Defendants' are not liable. *See Doe*, 845 S.W.2d at 178.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Plaintiffs.

_____
FRANK G. CLEMENT, JR., P.J., M.S.