IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 18, 2019 Session

## JEANIE MORGAN BELTZ ET AL. v. BRETT ANTHONY HEFFNER

Appeal from the Circuit Court for Jefferson County
No. 25-339-III        Rex H. Ogle, Judge

_____

No. E2018-01962-COA-R3-CV

_____

This appeal arises from the denial of a petition based on Tennessee's Grandparent Visitation Statute. The parents of the deceased mother of a new-born child filed a petition to obtain visitation with their three-month-old granddaughter. The child's father opposed the petition. Following discovery, the father filed a motion to dismiss or for summary judgment on the ground that there was no danger of substantial harm to the child if visitation was denied because there was no evidence that the grandparents had a significant relationship with the child. The petitioners opposed the motion relying on Tenn. Code Ann. § 36-6-306(b)(4), which established a rebuttable presumption of substantial harm to the child if visitation was denied because their daughter, the child's mother, was deceased. The trial court found there was no significant existing relationship between the grandparents and the child. After analyzing the child's best interests under Tenn. Code Ann. § 36-6-307, the court granted summary judgment to the father, finding the petitioners did not meet the requirements of the Grandparent Visitation Statute. We have determined that the trial court misconstrued the statutory scheme. The trial court failed to recognize that because the petitioners are the parents of the child's deceased mother, they were entitled to the rebuttable presumption of substantial harm to the child if visitation was denied without having to establish that a "significant" relationship with their grandchild existed. Moreover, we have determined that more than one conclusion or inference can reasonably be drawn from the facts, thereby precluding summary judgment. Accordingly, we reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON II, J., joined.

Felisha B. White, Seymour, Tennessee, for the appellants, Jeanie Morgan Beltz and Andrew Wesley Beltz.

Jeremy Douglas Churchwell, Dandridge, Tennessee, for the appellee, Brett Anthony Heffner.

## OPINION

Naphtali Morgan Heffner ("the Child") was born into the marriage of Britney Heffner ("Mother") and Brett Hefner ("Father") in August 2017. Eight days later, Mother died unexpectedly due to health complications. Thereafter, Mother's parents, Jeanie and Andrew Beltz ("Petitioners"), visited the Child at Father's house every Monday and Thursday and sometimes on the weekends. In October 2017, however, disputes arose between Father and Petitioners regarding when Petitioners could visit, and how to use the proceeds from Mother's life insurance policy. As a result, Father ceased Petitioners' contact with the Child.

Petitioners filed a verified petition for grandparent visitation on November 13, 2017, asserting that the Child would suffer substantial harm if she were denied a relationship with the maternal side of her family. In late December, Father began allowing Petitioners to visit with the Child for one and a half hours per month. In January 2018, Father filed an answer denying Petitioners were entitled to court-ordered visitation and asserting that Petitioners lacked standing because he had not denied visitation unreasonably.[1]

Following discovery, Father filed a motion to dismiss or, in the alternative, for summary judgment. Father contended there was no evidence that Petitioners had a significant relationship with the Child, as required by Tennessee's Grandparent Visitation Statute, Tenn. Code Ann. § 36-6-306. Father also contended there was no danger of substantial harm to the Child if Petitioners were not awarded visitation. In response, Petitioners countered arguing that Tenn. Code Ann. § 36-6-306(b)(4) establishes a rebuttable presumption of substantial harm when the Child's parent is deceased, and the grandparent seeking visitation is the parent of that deceased parent. They also contended that Father had not rebutted the presumption.

On September 11, 2018, a non-evidentiary hearing was held on Father's motion. At the hearing's conclusion, the trial court announced it was granting Father summary judgment. On October 10, 2018, the court entered its final order. This appeal followed.

---

[1] Father subsequently conceded that Petitioners had standing.

- 2 -

Petitioners raised one issue on appeal: Whether the trial court erred in finding that Petitioners had to show a significant existing relationship with the Child to proceed with the Petition for Grandparent Visitation when the Petitioners are the parents of their grandchild's deceased parent. Father frames the issue as whether the trial court was correct in granting summary judgment after determining that the undisputed facts established that no significant relationship existed between Petitioners and the Child, and there was no danger of substantial harm to the Child absent court-ordered visitation.

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.* In so doing, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* at 265. Instead, the nonmoving party must respond with specific facts showing there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

## ANALYSIS

Grandparents seeking court-ordered visitation with their grandchild must prove four elements: (1) opposition to or severe reduction of visitation by the custodian; (2) the existence of one of six enumerated circumstances; (3) danger of substantial harm to the child if visitation is denied; and (4) that visitation is in the child's best interests. *See, generally*, Tenn. Code Ann. § 36-6-306.

- 3 -

As noted above, there was no evidentiary hearing or bench trial; instead, the matter came on for hearing based on Father's motion for summary judgment. At the hearing's conclusion, the trial court announced it was granting Father summary judgment. In the final judgment that was entered later, the trial court ruled that Petitioners had standing to pursue their petition for visitation. The court then stated, "As a condition precedent to grandparent visitation, the Court must find there is a danger of substantial harm to the child in question, and that **is** based upon three factors." (Emphasis added). The three factors identified by the trial court are:

  (a) That the child had such a significant existing relationship with the grandparent that loss or severe reduction of that relationship is likely to occasion severe emotional harm to the child;

  (b) The grandparent functioned as a primary caregiver such that cessation or severe reduction of the relationship could interrupt provision of the daily needs of the child and thus occasion physical or emotional harm; or

  (c) The child had a significant existing relationship with the grandparent and loss or severe reduction of the relationship presents the danger of other direct and substantial harm to the child.

We emphasized the word "**is**" from the foregoing quote because it reflects the trial court's erroneous belief that substantial harm must be proven by one or more of the three factors stated above, two of which require the grandparent to prove a significant existing relationship. Indeed, when neither parent is deceased, a finding of substantial harm **is** to be based upon these factors. However, Tenn. Code Ann. § 36-6-306(b)(4) provides a fourth factor by which the grandparent may establish the condition precedent of substantial harm. That section reads:

> For the purposes of this section, if the child's parent is deceased and the grandparent seeking visitation is the parent of that deceased parent, **there shall be a rebuttable presumption of substantial harm to the child based upon the cessation or severe reduction of the relationship between the child and grandparent**.

Tenn. Code Ann. § 36-6-306(b)(4) (emphasis added).

It is also important to note that Tenn. Code Ann. § 36-6-306(b)(4) affords Petitioners the rebuttable presumption that substantial harm will result if visitation with their grandchild is denied without having to prove a "significant relationship" between the grandparents and child. This is evident from the following:

- 4 -

For the purposes of this section, if the child's parent is deceased and the grandparent seeking visitation is the parent of that deceased parent, there shall be a rebuttable presumption of substantial harm to the child based upon the cessation or severe reduction of **the relationship** between the child and grandparent.

Tenn. Code Ann. § 36-6-306(b)(4) (emphasis added). Thus, when the child's parent is deceased, as is the case here, and petitioner is the parent of that deceased parent, as is the case here, the grandparents need not show the child had a **significant** relationship with them. Rather, all that needs to be shown is that there was "a cessation or severe reduction of the relationship between the child and grandparent." *Id*. § 306(b)(4).

The statute defines "severe reduction" as "reduction to no contact or token visitation as defined in § 36-1-102." *Id*. § 306(f). Section 36-1-102 defines "token visitation" as visitation that, "under the circumstances of the individual case, constitutes nothing more than perfunctory visitation or visitation of such an infrequent nature or of such short duration as to merely establish minimal or insubstantial contact with the child[.]" Tenn. Code Ann. § 36-1-102(C). Determining whether visitation was "token" requires examination of "the frequency, duration, and quality of the visits that occurred," *In re Keri C.*, 384 S.W.3d 731, 750 (Tenn. Ct. App. 2010), which is a fact intensive inquiry.

It is undisputed that Petitioners are the parents of the Child's mother. Therefore, by operation of law pursuant to Tenn. Code Ann. § 36-6-306(b)(4), there exists a rebuttable presumption of substantial harm to the Child based upon the cessation or severe reduction of the relationship between the Child and Petitioners. "A presumption is prima facie proof of the fact presumed, and unless the fact thus established, prima facie, by the legal presumption of its truth is disproved, it must stand as proved." *Braswell v. Tindall*, 294 S.W.2d 685, 689 (Tenn. 1956) (quoting *Washington v. Ryan*, 64 Tenn. 622, 634 (1875)). As one court has explained, presumptions "may be looked on as the bats of the law, flitting in the twilight, but disappearing in the sunshine of actual facts." *Mackowik v. Kansas City, St. J. & C.B.R. Co.*, 94 S.W. 256, 262 (Mo. 1906). Because Father did not move for summary judgment based on the contention that he had successfully rebutted the presumption of substantial harm, we need not consider whether the presumption of substantial harm has "disappeared in the sunshine."

In its final judgment the trial court went on to state that[2]

> upon a finding of substantial harm based upon a cessation of the relationship between the minor child and the grandparent or where the presumption of substantial harm has not been rebutted, . . . [it] was required to determine whether grandparent visitation would be in the best interests of the children based upon the factors set forth in Tenn. Code Ann. § 36-6-307. This Court having reviewed those factors under the facts of this case is constrained to find that the Petitioners in this case do not meet the statutory requirements to allow the Court to order grandparent visitation.

The foregoing reveals that the trial court conducted a best interest analysis based upon the factors in Tenn. Code Ann. § 36-6-307 and summarily ruled that Petitioners "do not meet the statutory requirements to allow the Court to order grandparent visitation." The trial court, however, did not identify the specific requirements that were not met. Nevertheless, the trial court stated from the bench as it issued its ruling that, in determining the Child's best interests, it considered

> the length and the quality of the prior relationship between the child and the grandparent and the role performed by the grandparent, the strong emotional ties of the child to the grandparent, and the preference of the child if the child is determined to be of sufficient maturity to express such a preference, the effect of hostility between the grandparent and the parent of the child manifested before the child, and the willingness of the grandparent . . . to encourage a close relationship between the child and the parent or parents or guardian of or guardians of the child.

Then the trial court stated that it was constrained to find "that none of the statutory factors are present that would allow the Court to order grandparent visitation."

---

[2] In its ruling the trial court cited and relied upon *Wadkins v. Wadkins*, No. M2012-00592-COA-R3-CV, 2012 WL 6571044 (Tenn. Ct. App. Dec. 14, 2012), which was cited by Petitioners in their brief. However, Petitioners should not have cited and the trial court should not have relied on *Wadkins* because it was designated as a "Memorandum Opinion" pursuant to Rule 10 of the Rules of the Court of Appeals of Tennessee. As stated on page one of the *Wadkins* opinion, Rule 10 provides, "When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10. As an additional note, only the appellant filed a brief in the *Wadkins* appeal, "the Grandparents did not file a responsive brief in [the] appeal." *Wadkins*, 2012 WL 6571044, at *9 n.2.

The motion filed by Father that gave rise to the hearing asked for alternative relief: dismissal pursuant to Tenn. R. Civ. P. 12 for failure to state a claim, or summary judgment pursuant to Tenn. R. Civ. P. 56. Father's motion, however, was not supported by a Statement of Undisputed Facts as required by Tenn. R. Civ. P. 56.03. ("[A]ny motion for summary judgment . . . shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial."). Although Father failed to provide the required Statement of Undisputed Facts, Petitioners filed a properly supported statement of disputed and undisputed material facts in opposition to the motion for summary judgment. Following the hearing, the court summarily dismissed the petition pursuant to Tenn. R. Civ. P. 56.

To the extent the trial court based its conclusion that there were no material facts in dispute on a finding that Petitioners failed to dispute the lack of an existing relationship with the Child, we respectfully disagree. In their statement of disputed and undisputed facts in opposition to the motion for summary judgment, Petitioners stated:

> The facts stated in the second sentence in paragraph 7 [of Father's memorandum in support of the motion for summary judgment] are disputed in that the Petitioners had established a relationship with the minor child prior to [Father] cutting off their contact October 26, 2017. (See Exhibit B, Deposition of Jeanie Beltz, page 21.) The Petitioners would visit with the minor child at least Mondays and Thursdays, and sometimes on the weekends. (Exhibit A, pages 21 and 22).

Furthermore, in paragraph 3 of its final judgment, the trial court concluded that there was no significant existing relationship between Petitioners and the Child, "especially in light of the age of the child." However, the rationale for this factual finding, the age of the Child, is undermined if not contradicted by Father's declaration that the Child had an established relationship with **his** parents. Thus, Father's own testimony belies his contention, and the trial court's finding that the Child's age precluded the possibility that Petitioners could have a "relationship" with the Child.[3]

Certainly, the relationship between a grandparent and an infant grandchild may be different from the relationship between a grandparent and a six-year-old, but Tenn. Code

---

[3] We acknowledge the trial court's notation that "Petitioners have testified that they barely know the child, and both have described their relationship with the child as being non-existent." That portion of their testimony, however, was given in the context of discussing the limitations of the new, restricted visitation schedule. Moreover, Petitioners testified about previous, frequent visits with the Child and their prior relationship to the Child.

Ann. § 36-6-306(b)(4) broadly describes "a relationship between the child and the grandparent." Moreover, there is evidence to support a finding that the decrease in visits with the Child constitutes a "severe reduction," as that phrase is defined in the statute. Consequently, there is evidence in the record, albeit disputed, that supports application of § 306(b)(4).

"Summary judgment proceedings were never envisioned as substitutes for trials of disputed factual issues." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 82 (Tenn. 2010) (citations omitted). Thus, "summary judgment should not be granted when the material facts are disputed . . . or when more than one conclusion or inference can reasonably be drawn from the facts." *Id*. (citations omitted). "A genuine factual dispute arises when reasonable minds can justifiably reach different conclusions based on the evidence at hand." *Id*. (citing *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)). Further, a summary judgment motion should be denied if there is any reasonable doubt regarding whether a genuine issue of material fact exists. *Id*. (citations omitted).

Based on our review of the record, we hold that more than one conclusion or inference can reasonably be drawn from the material facts, which creates a genuine issue of material facts. Accordingly, Father was not entitled to summary judgment as a matter of law.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal assessed against the appellee, Brett Anthony Heffner.

_____
FRANK G. CLEMENT JR., P.J., M.S.