IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 4, 2021

## ERIC D. WALLACE v. TONY PARKER, et al.

**Appeal from the Chancery Court for Davidson County**
No. 167693     Anne C. Martin, Chancellor

_____

## No. M2019-01044-COA-R3-CV

_____

This appeal arises from the summary dismissal of an inmate's petition for declaratory judgment pertaining to the calculation of his release eligibility date. The inmate was convicted of two felonies and ordered to serve a life sentence for the first felony and a 15-year sentence for the second, with the sentences to be served consecutively. When calculating his release eligibility date, the Tennessee Department of Correction ("TDOC") applied the inmate's pretrial jail credits to the life sentence but not to the 15-year sentence. The inmate claimed that TDOC erred by failing to apply the credit to both sentences because the criminal court included the credit on both sentencing orders. While the inmate's petition was pending, the criminal court issued a corrected sentencing order for the 15-year sentence, in accordance with Rule 36 of the Tennessee Rules of Criminal Procedure, removing the pretrial jail credits. Thereafter, TDOC filed a motion for summary judgment, and the trial court granted the motion, determining that TDOC complied with the criminal court's judgment and the applicable law. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Eric D. Wallace, Henning, Tennessee, pro se.

Thomas J. Aumann, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tony Parker and Douglas Stephens.

### OPINION

On June 2, 1995, Eric D. Wallace ("Wallace") was convicted of two felonies in Shelby County Criminal Court, one in case number 95-03054 and the other in case number 95-03055. On September 28, 1995, the court sentenced Wallace to life in prison in the first

case and 15 years in the second case and ruled that the sentences were to be served consecutively. In both judgment orders, the court included 1,174 days of credit for time served prior to the imposition of the sentences and 312 credits for good institutional behavior earned during that same time—specifically, July 11, 1992, to September 28, 1995.[1]

When TDOC calculated Wallace's release eligibility date ("RED")[2], it applied the 1,174 days of pretrial jail credit to his life sentence and determined that the effective start date of that sentence was July 11, 1992. Because Wallace would be eligible for release after he served 60% of 60 years, TDOC calculated his RED to be July 11, 2028, which was 36 years from the July 11, 1992 effective date. TDOC then added 312 days of good-behavior credit that Wallace earned prior to sentencing and 2,895 days of good-behavior credit earned after sentencing, calculating the final RED for Wallace's life sentence to be September 30, 2019.

After determining the RED for case number 95-03054, TDOC considered Wallace's 15-year sentence in case number 95-03055, which was to be served consecutively to the life sentence. Because the RED for the 15-year sentence was to occur after Wallace served 30%, TDOC calculated the RED to be four years and six months from September 30, 2019. Thus, Wallace's overall RED was March 31, 2024.

Thereafter, Wallace petitioned TDOC for a re-calculation of his RED, arguing TDOC erred by failing to apply the 1,174 days of pretrial jail credit and the 312 days of pretrial behavioral credit to both sentences given that both sentencing orders included the credit. On July 24, 2018, after TDOC denied his petition, Wallace filed a Petition for Declaratory Judgment in Davidson County Chancery Court.[3]

---

[1] An inmate receives credit for time served for the period that he or she is incarcerated prior to the imposition of the sentence. *See* Tenn. Code Ann. § 40-23-101(c). An inmate who exhibits good institutional behavior both prior to and subsequent to the imposition of the sentence may be awarded time credits toward his or her sentence. Tenn. Code Ann. § 41-21-236(a)(2)(A).

[2] The RED is "the earliest date a defendant convicted of a felony is eligible for parole." Tenn. Code Ann. § 40-35-501(n).

[3] Wallace filed his petition against Tony Parker, Commissioner of TDOC, and Douglas Stephens, Detainer Administrator for TDOC, in their official capacities. Thus, we refer to the respondents collectively as "TDOC."

In response, TDOC filed a motion to dismiss for failure to comply with Tenn. Code Ann. § 41-21-805[4], and the chancery court denied the motion. In the meantime, on April 9, 2019, the criminal court entered a corrected sentencing order, removing the pretrial jail credit from Wallace's 15-year sentence in case number 95-03055, such that the credit only applied to the life sentence in case number 95-03054.

Thus, on May 6, 2019, TDOC filed a motion for summary judgment contending there was no dispute regarding the material facts of Wallace's sentences, and TDOC was entitled to judgment as a matter of law. According to TDOC, Tennessee law only permitted pretrial jail credit to be applied to the first sentence when the defendant is ordered to serve consecutive sentences. Nevertheless, the criminal court initially included the credit on both sentencing orders. It explained that, while TDOC cannot alter the court's judgment even if the judgment is illegal, the court may, at any time, correct clerical errors in its judgments and orders arising from oversight or omission. Considering the court's corrected sentencing order entered on April 9, 2019, TDOC argued that it complied with the criminal court's judgment and the law.[5]

Wallace responded to TDOC's summary judgment motion with his affidavit, alleging the corrected judgment was fraudulent and illegal.

On May 31, 2019, the chancery court granted TDOC's motion for summary judgment. The court concluded that Tennessee caselaw supported TDOC's argument that, except in limited circumstances, pretrial jail credit is added only to the first sentence when sentences are to be served consecutively. The court also noted that Rule 36 of the Tennessee Rules of Criminal Procedure allowed the criminal court to correct clerical errors in judgments or orders arising from oversight or omission at any time. Therefore, considering the court's corrected judgment entered on April 9, 2019, the chancery court determined that TDOC complied with the criminal court's judgment and the applicable law when it omitted the pretrial jail credits from the 15-year sentence.

This appeal followed.

### STANDARD OF REVIEW

---

[4] Tennessee Code Annotated § 41-21-805 requires a petitioner to file an affidavit containing "[a] complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed."

[5] TDOC included a copy of the criminal court's corrected order along with the affidavit of Candace Whisman, Director of Sentence Management Services for TDOC, wherein she explained in detail how Wallace's RED was calculated.

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* at 265. Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

## ANALYSIS

The sole issue on appeal is whether the chancery court erred in granting TDOC's motion for summary judgment.

Tennessee Code Annotated § 40-23-101(c) provides that the trial court "shall, at the time the sentence is imposed …. allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail … or county jail or workhouse, pending arraignment and trial." Additionally, Tennessee Code Annotated § 41-21-236(e)(1) provides that "[s]entence reduction credits for good institutional behavior" shall be awarded for the time the defendant is incarcerated prior to the imposition of the sentence. The sentencing statutes do not explicitly "prohibit the granting of … identical days of pre-trial jail credit for two or more [consecutive] sentences." *Jackson v. Donahue*, No. W2013-01718-CCA-R3-HC, 2014 WL 2547764, at *4 (Tenn. Crim. App. May 30, 2014). However, in interpreting the sentencing statutes, our courts have held that it was the legislature's intent that pretrial jail credit only be applied to one sentence when two or more sentences are consecutive. *Johnson v. Tennessee Dep't of Correction*, No. 01A-01-9602-

CH-00064, 1996 WL 442740, at \*1–2 (Tenn. Ct. App. Aug. 7, 1996); *Jackson*, 2014 WL 2547764, at \*4.

Though the statute mandates an award of pretrial jail credit, the inclusion or omission of such credit on the court's sentencing order is treated as a clerical issue. *State v. Brown*, 479 S.W.3d 200, 212–13 (Tenn. 2015). This is because, as the Tennessee Supreme Court explained, "awarding or not awarding pretrial jail credit does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated." *Id.* at 212 (emphasis in original). Rule 36 of the Tennessee Rules of Criminal Procedure provides that "the court may *at any time* correct clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission." (Emphasis added).

Here, the criminal court issued a corrected order in case number 95-03055 on April 9, 2019, removing the pretrial jail credits from Wallace's 15-year sentence. Thus, in omitting those pretrial jail credits from the calculation of Wallace's RED in case number 95-03055, TDOC complied with the court's sentencing order and the law.

Accordingly, we affirm the chancery court's decision to summarily dismiss Wallace's petition.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Eric D. Wallace.

_____
FRANK G. CLEMENT JR., P.J., M.S.